UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLIE STAINBACK, JR.

    Plaintiff,

v.   05-3119

VINCE MORETH et al.,

    Defendants.

### Order

The plaintiff proceeds against the defendants for false arrest/imprisonment under the Fourth Amendment to the United States Constitution and on supplemental state law claims of false imprisonment and malicious prosecution.  Before the court is the defendants' motion for summary judgment, which is granted for the reasons below.

*Summary Judgment Standard*

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law.  *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);Fed. R. Civ. P.56(c).  This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837.  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).

In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party.  *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).  However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Facts*

These facts are taken essentially verbatim from the defendants' proposed undisputed facts (d/e 23, pp. 2-5), to the extent material and not sufficiently disputed by the plaintiff.

1. Plaintiff, Charlie Stainback, Jr., is a resident of the State of Illinois presently incarcerated at Danville Correctional Center in Danville. (Exhibit H, Stainback Deposition Transcript, Pg. 5, Lines 18-24).

2. Defendant, Vincent Moreth, is and was the duly elected State's Attorney for Macoupin County on August 11, 2003 through December 8, 2003 and for all relevant periods of time applicable to plaintiff's complaint. (Exhibit B, Moreth Affidavit, Par. 1).

3. Defendant, Timothy Lovejoy, is and was employed by the Macoupin County Sheriff's Office as a deputy sheriff on August 11, 2003 through December 8, 2003 and for all relevant periods of time applicable to plaintiff's complaint. (Exhibit A, Lovejoy Affidavit, Par. 1).

*Criminal Proceedings in Macoupin County*

4. On July 19, 2003, plaintiff was arrested on a charge of Domestic Battery against Carla Lewis. (Ex. H, Pgs. 14-16).

5. On July 21, 2003, Judge Carmody issued an ex-parte Order of Protection against Charlie Stainback, Jr. requiring him to refrain from having physical contact with Carla Lewis. (Exhibit J, Order; Ex. H, Pg. 21, Line 2).

6. On July 21, 2003, Officer Ree, Macoupin County Sheriff's Department, served the Order of Protection on plaintiff while he was in custody of the Macoupin County Jail. (Exhibit K, Affidavit of Deputy Ree; Ex. H, Pg. 20, Lines 9-23).

7. On July 22, 2003, plaintiff entered a plea of guilty as to the charge of Domestic Battery, Docket No. 03 CM 315, and was placed on a one year period of probation. (Ex. H, Pgs. 17, Lines 15-17).

*Criminal Proceedings in Macoupin County – 03 CF 222*

8. On August 11, 2003, Carla Lewis reported to authorities that she had contact with plaintiff in violation of an order of protection and that plaintiff held her against her will and forced her to perform oral sex on plaintiff. (Ex. A, Par. 3, 4, and 5).

9. On August 11, 2003, plaintiff was arrested on a non-traffic complaint for violation of an order of protection entered in 03 CM 315 and held at the Macoupin County Jail. (Ex. A, Par. 9; Ex. B, Par. 10; Ex. H, Pg. 64, Lines 19-21).

10. On August 13, 2003, Judge Diane Brunton issued a warrant for plaintiff's arrest for the criminal offenses of unlawful restraint, criminal sexual assault, and violation of order of protection. (Exhibit C, Warrant).

11. On August 13, 2003, Moreth files a three-count Information against plaintiff for the offenses of unlawful restraint, criminal sexual assault, and violation of an order of protection. (Group Exhibit D, Information,).

12. On September 10, 2003, Judge Diane Brunton found probable cause existed for the charges of unlawful restraint, criminal sexual assault, and violation of order of protection following a preliminary hearing. (Exhibit I, Transcript of the Proceedings (excerpt), Pg 2).

13. On September 10, 2003, Judge Brunton calls matter for arraignment, at which time plaintiff waived a formal reading of the charges and penalties and entered a plea of not guilty. (Ex. I, Pgs. 2-3).

14. On September 25, 2003, Carla Lewis testified before Judge Koval that she had lied to Lovejoy on August 11, 2003 when she claimed that plaintiff held her against her will and forced her to perform oral sex on him stating that she had sex with plaintiff voluntarily. (See, Amended Complaint, Par. 8 (d/e 17); Ex. B, Par. 14).

15. On October 7, 2003, Lovejoy met with Ms. Lewis regarding her in court recantation of September 25, 2003. (Ex. A, Par. 13; See, Amended Complaint, Par. 16(A) (d/e 17)).

16. On October 7, 2003, Ms. Lewis signed a voluntary statement that her statements of August 11, 2003 had been true, but that she had recanted them due to pressure from Mr. Stainback's relatives and a desire to put the incident behind her.  (Ex. A, Par. 16; See, Amended Complaint, Par. 16(A) (d/e 17)).  The statement is not submitted herein for the truth of the matter asserted (that the plaintiff did force Ms. Lewis to perform oral sex), but to show the defendants' knowledge and state of mind (that Ms. Lewis said it was true).

17. On December 8, 2003, Vincent Moreth dismissed the criminal charges contained in Docket No. 03 CF 222 against plaintiff based on Ms. Lewis' lack of cooperation, thereby terminating the prosecution. (Exhibit E, Circuit Clerk of Macoupin County Docket Entry for December 8, 2003; Ex. B, Par.18).

*Analysis*

The plaintiff asserts that Ms. Lewis wrote letters detailing how the defendants coerced her to recant her recantation.  The plaintiff also says that Ms. Lewis told him orally about the defendants' harassment and threats to persuade her to recant her recantation.  He attaches what he says are Ms. Lewis' letters, but they are unsigned, unauthenticated, and inadmissible hearsay.  The plaintiff's own recollections of what Ms. Lewis said are also inadmissible hearsay.  Thus, even putting prosecutorial immunity aside, there is no admissible evidence that the defendants did what the plaintiff said.  There is no evidence that the defendants coerced Ms. Lewis to act as a false witness against the plaintiff.

The plaintiff's arrest was pursuant to a warrant.  If the plaintiff is alleging that the defendants should not have applied for the arrest warrant, that claim fails.  Probable cause existed for pursuing the plaintiff's arrest because of Ms. Lewis' accusations against the plaintiff.  *See Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000)("Police are entitled to base an arrest on a

citizen complaint . . . without investigating the truthfulness of the complaint, unless . . . they have reason to believe it fishy.")(citations omitted).   She signed a written statement accusing him coercing her to leave with him through threats of turning her in, and then forcing her to give him oral sex.  The fact that she later recanted that statement (and then recanted her recantation) does not affect the probable cause analysis for pursuing the plaintiff's arrest.

The plaintiff asserts that the charges should have been dismissed as soon as Ms. Lewis recanted her testimony in court.  To the extent the plaintiff is trying to pursue a constitutional malicious prosecution tort, the decision whether to dismiss the charges was protected by absolute prosecutorial  immunity, as was the prosecutor's questioning of Ms. Lewis about her recantation.  *See Redwood v. Dobson*, — F.3d —, 2007 WL 397499 (7th Cir. 2007); *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998)(prosecutors' decision to commence and continue prosecuting protected by absolute immunity); *see also  Wallace v. Kato*, 127  S.Ct. 1091(Feb. 21, 2007)(The Supreme Court has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983 . . ." ).  Even if absolute immunity did not apply, the prosecutors had good reason to suspect that Ms. Lewis' recantation was untrue, as her October statement suggested.

In short, all the alleged misdeeds complained of by the plaintiff are either completely unproven, protected by absolute prosecutorial immunity, or supported by probable cause.  Accordingly, the plaintiff's federal claims fail as do his state claims.  *See Swick v. Liautaud*, 169 Ill.2d 504, 662 N.E.2d 1238, 1242 (1996)(malicious prosecution claim requires showing lack of probable cause).

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment is granted (d/e 22).  The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56.  This case is terminated, parties are to bear their own costs.  All pending motions denied as moot (d/e 28).

Entered this 9th Day of March, 2007.


s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE